UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JAMES EDWARD SAWYER,

        Movant,

                                  File No.  1:05-CV-385

v.

                                  HON. ROBERT HOLMES BELL

UNITED STATES OF AMERICA,

        Respondent

_____/

## O P I N I O N

This matter is before the Court on Movant James Edward Sawyer's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence.

Sawyer was charged in a single count indictment with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  On May 22, 2003, Sawyer entered a plea of guilty to the offense charged.  On August 26, 2003, Sawyer was sentenced to 70 months imprisonment and 3 years of supervised release.  Sawyer appealed his conviction and sentence to the Sixth Circuit, contending that the Court improperly applied a four level enhancement for possessing a firearm in connection with another felony.  The Sixth Circuit affirmed the sentence by order dated June 15, 2004.  Sawyer did not seek a writ of certiorari. His conviction became final on September 15, 2004.  *See Sanchez-Castellano v. United States*, 358 F.3d 424, 426-27 (6th Cir. 2004) ("When a federal criminal defendant takes a direct appeal to the court of appeals, his judgment of conviction becomes final for § 2255

purposes upon the expiration of the 90-day period in which the defendant could have petitioned for certiorari to the Supreme Court, even when no certiorari petition has been filed.").

Thereafter, on June 3, 2005, Sawyer timely filed the present motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 raising a single ground for relief. Sawyer alleges that his constitutional rights were violated when this Court enhanced his sentence pursuant to the United States Sentencing Guidelines. *See United States v. Booker*, 125 S. Ct. 738 (2005).

I.

A prisoner who moves to vacate his sentence under § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255. In order to obtain collateral relief under section 2255, a movant must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152, 166 (1982). "To prevail under § 2255, [movant] must show a 'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1968)).

In an action to vacate or correct the sentence, the court is required to grant a hearing

to determine the issues and make findings of fact and conclusions of law "[u]nless the motion

and the files and records of the case conclusively show that the prisoner is entitled to no

relief."  28 U.S.C. § 2255.  No evidentiary hearing is required if the movant's allegations

"cannot be accepted as true because they are contradicted by the record, inherently incredible,

or conclusions rather than statements of fact."  *Arredondo v. United States*, 178 F.3d 778,

782 (6th Cir. 1999) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)).

Where, as here, the judge considering the § 2255 motion also conducted the trial, the judge

may rely on his or her recollections of the trial.  *Id.* (citing *Blanton v. United States*, 94 F.3d

227, 235 (6th Cir. 1996)).

## II.

In general, federal habeas corpus petitioners may not rely on new rules of criminal

procedure handed down after their convictions have become final on direct appeal.  *See e.g.,*

*Schriro v. Summerlin*, 542 U.S. 348, 352 (2004).  This principle ultimately forecloses the

claim asserted by Sawyer in his § 2255 motion.  Sawyer's claim rests upon the recent

Supreme Court decision in *United States v. Booker*, 125 S. Ct. 738 (2005) in which the Court

applied *Blakely v. Washington*, 542 U.S. 296 (2004), to the federal Sentencing Guidelines,

holding that "[a]ny fact (other than a prior conviction) which is necessary to support a

sentence exceeding the maximum authorized by the facts established by a plea of guilty or

a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable

doubt." 125 S. Ct. at 756. *Booker* was announced on January 12, 2005, well after Sawyer's

conviction became final on direct appeal. Thus, Sawyer's claim depends on the retroactive

application of *Booker* on collateral review.[1]

The Supreme Court has carved out a small set of "watershed rules of criminal

procedure" that have retroactive effect on collateral review. *See Schriro*, 542 U.S. at 352

(quoting *Saffle v. Parks*, 494 U.S. 484, 495 (1990)); *Teague v. Lane*, 489 U.S. 288 (1989).

The Sixth Circuit (and every circuit to consider the issue), however, has determined that,

although *Booker* is a "new rule" of criminal procedure, it did not meet the criteria required

in *Teague* to be applied retroactively on collateral review. *Humphress v. United States*, 398

F.3d 855, 860-63 (6th Cir. 2005); *see also United States v. Gentry*, No. 04-11221, ___ F.3d

___, 2005 WL 3317891 (5th Cir. Dec. 8, 2005); *United States v. Morris*, 429 F.3d 65 (4th

Cir. 2005); *United States v. Cruz*, 423 F.3d 1119 (9th Cir. 2005); *Never Misses a Shot v.*

*United States*, 413 F.3d 781 (8th Cir. 2005) (per curiam); *United States v. Bellamy,* 411 F.3d

1182 (10th Cir. 2005); *Lloyd v. United States*, 407 F.3d 608 (3d Cir. 2005); *Guzman v.*

---

[1]Prior to *Booker*, the Sixth Circuit determined that neither *Apprendi v. New Jersey*, 530 U.S. 466 (2000), nor *Blakely* applied to the federal Sentencing Guidelines. *See United States v. Koch*, 383 F.3d 436 (6th Cir. 2004) (holding that *Blakely* does not invalidate the federal Sentencing Guidelines), *vacated by* 125 S. Ct. 1944 (2005); *United States v. DeJohn*, 368 F.3d 533 (6th Cir. 2004) (holding that *Apprendi* does not apply to sentencing guideline determinations). Therefore, *Booker*, not *Blakely* or *Apprendi*, is the relevant decision governing Sawyer's claim. *See Humphress v. United States*, 398 F.3d 855, 857 (6th Cir. 2005); *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005) (noting that *Blakely* reserved decision about the status of the federal Sentencing Guidelines and, therefore "*Booker* itself represents the establishment of a new rule about the federal system.").

*United States*, 404 F.3d 139 (2d Cir. 2005); *Varela v. United States*, 400 F.3d 864 (11th Cir. 2005) (per curiam); *McReynolds v. United States*, 397 F.3d 479 (7th Cir. 2005). Accordingly, because *Booker* does not have retroactive effect, Sawyer's claim must fail.

After the Government filed its response, Sawyer filed a reply in which he, for the first time, asserted a claim of ineffective assistance of counsel.  Although it is not proper to raise an issue for the first time in a reply brief, *see e.g.*, *Wright v. Holbrook*, 794 F.2d 1152, 1156 (6th Cir. 1986), a review of Sawyer's new claim reveals that it completely lacks merit. Sawyer contends that defense counsel rendered ineffective assistance at sentencing by failing to advise him that the testimony he provided at his plea could be used to enhance his sentence.  Sawyer also asserts that defense counsel's performance was ineffective because he failed to raise an *Apprendi* issue.  Neither argument merits relief.

To show ineffective assistance of counsel, a "defendant must show that counsel's performance was deficient [and] . . . that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  To satisfy this test, Sawyer must demonstrate that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment" and that "counsel's errors were so serious as to deprive [Movant] of a fair trial, a trial whose result is reliable." *Id*.  "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690.

Sawyer first argues that defense counsel failed to advise him of his Fifth Amendment right against self incrimination and that the testimony given at his plea could be used to enhance his sentence.  During Sawyer's plea hearing he explained to the Court why he was guilty:

> THE COURT: Tell me what happened here if you would, please, sir, that you believe makes you guilty.
> DEFENDANT SAWYER: March 10th in Ingham County, I was carrying a AK-47 riding in a van on the side of me. I handled the AK-47, which mean I held it, and bought it off the street, sir.
> THE COURT: That night had you bought it off the street?
> DEFENDANT SAWYER: No, sir.
> THE COURT: You had bought it before?
> DEFENDANT SAWYER: Yes.
> THE COURT: You had it in the van with you and you were holding it?
> DEFENDANT SAWYER: No, sir, I wasn't holding it, but I have held it.
> THE COURT: Loaded?
> DEFENDANT SAWYER: No, sir.
> THE COURT: You say you bought it off the street. Off what street?
> DEFENDANT SAWYER: In Detroit, sir.
> THE COURT: For how much?
> DEFENDANT SAWYER: $775. $775, sir.
> THE COURT: Where did you get that much money?
> DEFENDANT SAWYER: Selling drugs, sir.
> THE COURT: That's a fair amount of money. Why would you pay that for this gun? Why did you want this gun?
> DEFENDANT SAWYER: For protection, sir.
> THE COURT: For protection from whom?
> DEFENDANT SAWYER: Other drug dealers.
> THE COURT: You bought it for protection from other drug dealers?
> DEFENDANT SAWYER: And other people, yes, sir.

Plea Transcript at 7-8, *United States v. Sawyer*, 1:03-CR-114 (Docket #18).  Based upon the information that Sawyer provided during his plea, a four level enhancement was applied to his offense for possessing a firearm in connection with another felony pursuant to U.S.S.G.

§ 2K2.1(b)(5).  At sentencing, defense counsel objected to this enhancement arguing that the

Government failed to meet its burden of establishing that Sawyer possessed the weapon "in

connection with" another felony.  *See* Sentencing Transcript at 3-4, *Sawyer*, 1:03-CR-114

(Docket #28).  The Court overruled the objection based upon Sawyer's testimony at his plea

indicating that he purchased the weapon with proceeds from drug transactions and for the

purpose of protecting himself from other drug dealers.  Sentencing Transcript at 9-10.

Even assuming that counsel failed to advise Sawyer of his right to be free from self

incrimination and that his proffer during the plea could be used in sentencing him, this claim

fails because he cannot show prejudice.  *See Strickland*, 466 U.S. at 697 ("[T]here is no

reason for a court deciding an ineffective assistance claim . . . to address both components

of the inquiry if the defendant makes an insufficient showing on one.").  During the plea

hearing, the Court questioned Sawyer as to whether he understood the various constitutional

rights he was giving up by entering a guilty plea.  This inquiry included the following

exchange:

> THE COURT: Do you understand that no one could force you to give testimony against yourself nor comment if you did not wish to testify?
> DEFENDANT SAWYER: Yes.
> THE COURT: Do you understand that a guilty plea that you may enter here in this matter this morning would mean that you were forever giving up your right to a trial in this case?
> DEFENDANT SAWYER: Yes.
> THE COURT: You understand that a guilty plea that you might enter in this matter, if accepted, would result in your conviction and eventually your sentence by this Court?
> DEFENDANT SAWYER: Yes.
> . . . .

> THE COURT: Has Mr. Karafa discussed with you the fact that any sentence
> this Court imposes would be in accordance with and pursuant to the federal
> sentence guidelines that have been established by Congress?
> DEFENDANT SAWYER: Yes.

Plea Transcript at 5. This exchange clearly shows that the Court advised Sawyer of his Fifth

Amendment right against self incrimination and made him aware that he would be convicted

and sentenced based upon the facts that he testified to at the plea hearing. Moreover, the

Court also determined that Sawyer understood that he would be sentenced under the federal

Sentencing Guidelines. Sawyer acknowledged that he understood these rights and that by

entering his guilty plea he waived them. Sawyer then proceeded to explain, under oath, the

factual circumstances that made him guilty of the crime of felon in possession of a firearm,

including the illegal means by which he purchased the weapon and the illicit reason for the

purchase. Plea Transcript at 7-8. Accordingly, because Sawyer was advised of his rights by

the Court he cannot show that he was prejudiced in any way by the alleged failure of his

counsel to advise him of his rights and the consequences of his guilty plea. Therefore,

Sawyer's claim is without merit.

Sawyer also argues that his defense counsel's performance was constitutionally

deficient because counsel failed to raise an *Apprendi* issue at his sentencing. Counsel does

not have an obligation to raise every possible claim "and the decision of which among the

possible claims to pursue is ordinarily entrusted to counsel's professional judgment."

*McFarland v. Yukins*, 356 F.3d 688, 710 (6th Cir. 2004). Moreover, counsel cannot be

8

deemed ineffective for failing to raise frivolous claims. *Norris v. Schotten*, 146 F.3d 314, 336 (6th Cir. 1998). Here, at the time of Sawyer's sentencing, *Apprendi* only applied where a court's factual determination "increase[d] the penalty for a crime beyond the prescribed *statutory* maximum," and did not apply to the federal Sentencing Guidelines. *United States v. Lawrence*, 308 F.3d 623, 634 (6th Cir. 2002) (quoting *Apprendi*, 530 U.S. at 490) (emphasis in original); *see also United States v. Garcia*, 252 F.3d 838, 843 (6th Cir. 2001) ("*Apprendi* does not purport to apply to penalties in excess of any particular range or based on any particular offense level under the Sentencing Guidelines."). Sawyer's sentence was within the relevant statutory maximum for the crime to which he pled guilty. Therefore, Sawyer's sentence did not implicate *Apprendi* and an attempt to raise such a claim would have been frivolous.[2] Accordingly, defense counsel's performance was not deficient for failing to raise an *Apprendi* issue.

To the extent that Sawyer is arguing that his counsel was deficient because he failed to anticipate that the rule established in *Apprendi* would eventually be extended to the federal Sentencing Guidelines, such an argument is untenable and has been routinely rejected. *Lott*

---

[2]The Court also notes that although counsel did not pursue a frivolous *Apprendi* claim, he did object at sentencing to the § 2K2.1(b)(5) sentence enhancement for possessing a firearm in connection with another felony. *See* Sentencing Transcript at 3-7. Thereafter, counsel also pursued this issue on appeal on his client's behalf. *See United States v. Sawyer*, 102 F. App'x 458 (6th Cir. 2004). This decision does not reflect a constitutionally deficient performance. *See Knox v. United States*, 400 F.3d 519, 522 (7th Cir. 2005) ("A lawyer who concentrates attention on issues that have the best chance of success does not display objectively deficient performance, and thus does not render ineffective assistance of counsel.")

*v. Coyle*, 261 F.3d 594, 609 (6th Cir. 2001) (quoting *Alcorn v. Smith*, 781 F.2d 58, 62 (6th Cir. 1986)); *see also Fuller v. United States*, 398 F.3d 644, 650, n. 4 (7th Cir. 2005) (noting that an argument that trial counsel was ineffective for failing to anticipate *Blakely* and *Booker* would be untenable); *Brown v. United States*, 311 F.3d 875, 878 (8th Cir. 2002) (holding that counsel's failure to raise an "*Apprendi*-like" argument prior to the *Apprendi* decision did not constitute ineffective counsel); *United States v. Ardley*, 273 F.3d 991, 993 (11th Cir. 2001) (describing "a wall of binding precedent that shuts out any contention that an attorney's failure to anticipate a change in the law constitutes ineffective assistance of counsel.").  Therefore, Sawyer's second ground for relief based on ineffective assistance of counsel is also without merit.

Accordingly, Sawyer's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is denied.  An order will be entered consistent with this opinion.


Date:   December 20, 2005                  /s/ Robert Holmes Bell
                                           ROBERT HOLMES BELL
                                           CHIEF UNITED STATES DISTRICT JUDGE